UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.57.10.47,<br><br>　　　　Defendant. | Case No. 4:20-cv-07481-KAW<br><br>**ORDER ON EX PARTE MOTION FOR LEAVE TO SERVE SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**<br><br>Re: Dkt. No. 8 |

Plaintiff, Strike 3 Holdings, LLC, moves *ex parte* for leave to serve a third party subpoena prior to a Rule 26(f) conference. The Court finds that:

1. Plaintiff has established that good cause exists for it to serve a third party subpoena on AT&T U-verse ("Initial ISP Provider"). *See UMG Recording, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008).

2. Plaintiff may serve the Initial ISP Provider with a Rule 45 subpoena commanding it to provide Plaintiff only with the true name and address of the Defendant to whom the Initial ISP Provider assigned the IP address 75.57.10.47. Plaintiff shall attach a copy of this order to any such subpoena.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant (together with the Initial ISP Provider, the "ISPs").

///

///

///

1  4. IT IS FURTHER ORDERED that subpoenas authorized by this order, and issued
2  pursuant thereto, shall be deemed appropriate court orders under 47 U.S.C. § 551, which provides
3  that "[a] cable operator may disclose [personally identifying] information if the disclosure is . . .
4  made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such
5  order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).  This order is an
6  order authorizing such disclosure.

7  5. IT IS FURTHER ORDERED that each ISP will have **30 days** from the date of service
8  upon it to serve each of its subscriber(s) whose identifying information is sought with a copy of
9  the subpoena and a copy of this order. The ISPs may serve the subscribers using any reasonable
10 means, including written notice sent to the subscriber's last known address, transmitted either by
11 first-class mail or via overnight service.

12 6. IT IS FURTHER ORDERED that each subscriber and each ISP shall have **30 days**
13 from the date of service upon him, her or it to file any motions in this court contesting the
14 subpoena (including a motion to quash or modify the subpoena). If the 30-day period lapses
15 without the subscriber contesting the subpoena, the ISP shall have **10 days** to produce to Plaintiff
16 the information responsive to the subpoena with respect to that subscriber.

17 7. IT IS FURTHER ORDERED that any ISP that receives a subpoena shall preserve all
18 subpoenaed information pending the ISP's delivering such information to Plaintiff or the final
19 resolution of a timely filed motion to quash the subpoena with respect to such information.

20 8. IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a
21 subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the
22 Copyright Act, 17 U.S.C. § 101 et seq.

23 9. IT IS FURTHER ORDERED that any documents containing the name or other personal
24 identifying information of any current or proposed defendant shall be filed under seal.  In so
25 doing, Strike 3 is instructed to follow the procedure set forth in Civil Local Rule 79-5 for all
26 documents that it seeks to file under seal.  The redacted version of all documents in the public
27 record should redact only Defendant's name and any other personal identifying information.
28 Strike 3 shall continue to use the current caption of the case, including the assigned IP address, but

may identify Defendant by name in the redacted portions of the sealed documents.

IT IS SO ORDERED.

Dated: November 30, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge